## GEORGE W. FROST *vs.* INHABITANTS OF WALTHAM.

In an action against a town to recover damages sustained by reason of a defective highway by a citizen of the town who lived in the neighborhood of the defect and had knowledge of its existence, the plaintiff has no ground of exception to a ruling that he may nevertheless recover if he used due care, but that his residence and knowledge are evidence tending to show carelessness on his part.

TORT to recover damages sustained by reason of a defective highway. At the trial in this court, before *Chapman, J.,* a verdict was returned for the defendants ; and the plaintiff alleged exceptions. The case is stated in the opinion.

*G. A. Somerby,* for the plaintiff.

*J. Q. A. Griffin,* for the defendants.

GRAY, J. The alleged defect in the highway, upon which the plaintiff relies to maintain his action, was a snow drift across it, about a mile from the plaintiff's house, and through which a path had been made, leaving the snow nearly perpendicular on each side. As the plaintiff was driving home on a dark and snowy night, by the striking of the sleigh against the drift on the right side of the path the runner on that side was raised, the plaintiff thrown out, and his horse turned to the right and nearly parallel to the drift. One question in issue at the trial was whether the plaintiff was using due care at the time of the accident. The defendants' counsel requested the court to instruct the jury that the fact that the plaintiff was an inhabitant of the town and had lived near the place of the accident for many years, and knew of the defect, was sufficient, under the

circumstances of the case, to prevent him from maintaining the action. The presiding judge, instead of giving the instructions requested, instructed the jury that the plaintiff might maintain the action, notwithstanding he had been for several years an inhabitant of the town, and lived in the neighborhood of the defect, and had knowledge of its existence, provided he used due care; but that his residence and knowledge would be evidence tending to show carelessness on his part.

It is of the last clause of this instruction only that the plaintiff complains. But we are of opinion that, as applied to the facts proved, it was strictly correct. The judge rightly refused to instruct the jury, as matter of law, that the plaintiff could not recover; and submitted the evidence of his residence near and knowledge of the defect to the jury, not as of itself conclusive proof that the plaintiff was not using due care, but, in the words of the report, as " evidence tending to show carelessness on his part;" that is to say, as competent evidence in favor of the defendants upon this issue, and sufficient, taken in connection with the speed at which the circumstances of the accident tended to show that the plaintiff was driving, and with the other undisputed facts, to warrant them in finding that the plaintiff had been wanting in ordinary care. *Reed* v. *Northfield*, 13 Pick. 95. *Smith* v. *Lowell*, 6 Allen, 40. *Judgment on the verdict.*